# Roach v. Oswald Lever Co. et al., Appellants.

*Workmen's compensation—Appeals—Evidence—Record—Review on appeal—Acts of June 2, 1915, P. L. 736, and June 26, 1919, P. L. 642—Physical examination of claimant—Discretion of referee—Abuse—Appeals—Award—Interlocutory order.*

1. While under the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736, the appellate court has the entire record before it, its revisory powers are limited to a determination of the question whether there is evidence to support the findings, and whether the law has been properly applied to them.

2. A finding that a workman was totally disabled as the result of a brain lesion caused by an accident, will be sustained, where three physicians, one a nerve specialist, testified that, in their opinion, claimant's disability resulted from the accident, and the opinion was strengthened by the fact that one seemed to follow the other almost immediately.

3. Where a claimant for compensation for physical disability has twice submitted himself for physical examination at the instance of defendant, the referee, in the exercise of a sound discretion, may refuse to order a further examination of such character. The action of the referee will not be reversed, where no abuse of discretion is shown.

4. If he refuses the order, and an appeal is taken therefrom to the compensation board, the referee may proceed to a hearing of the case on its merits, pending such an appeal, inasmuch as the appeal is interlocutory in character.

5. The appeal which any party in interest may take to the board, within ten days after notice, is from the award or disallowance of compensation, and not from interlocutory orders.

Argued March 22, 1922. Appeal, No. 317, Jan. T., 1922, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 3742, affirming order of Workmen's Compensation Board, affirming award of referee, in case of Francis Roach v. Oswald Lever Co., defendant, and American Mutual Liability Insurance Co., Insurance Carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board affirming award of referee. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Order affirmed. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellants.—There was no competent testimony upon which to base the referee's award of compensation: Fink v. Axle & Spring Co. 270 Pa. 476; Buck v. Cab Co., 75 Pa. Superior Ct. 440; Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431; Welsh v. R. R., 181 Pa. 461; Miller v. R. R., 270 Pa. 330.

The referee had no jurisdiction to hear the case while the petition for medical examination was pending.

*George C. Klauder,* for appellee.—Findings of fact by the referee, affirmed by the Workmen's Compensation Board, are final: Poluskiewicz v. P. & R. C. & I. Co., 257 Pa. 305; McCauley v. Imperial Woolen Co., 221 Pa. 312; Kuca v. Coal Co., 268 Pa. 163; Stahl v. Coal Co., 268 Pa. 452; Clark v. Coal Co., 264 Pa. 529.

There is no appeal from an interlocutory order: Mooney v. R. R., 261 Pa. 339; Cohen v. Transit Co., 250 Pa. 15.

OPINION BY MR. JUSTICE WALLING, May 8, 1922:

The plaintiff, Francis Roach, while in the employ of the Oswald Lever Co., defendant, was injured by falling from a ladder, and brought this proceeding under the Workmen's Compensation Act. An award in his favor by the referee was approved by the compensation board and, from its affirmance by the court below, defendants (the insurance carrier having joined as one) brought this appeal.

While under "the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736, the appellate court has the entire record before it, its revisory powers are limited to a determination of the question whether there is evidence to support the findings, and whether the law has been properly applied to them": Callihan v. Montgomey, 272 Pa. 56, 61; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; and see Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132. The question here is, therefore, whether there is any evidence in the record to support the finding that claimant is totally disabled as the result of a brain lesion caused by the fall. The evidence is that he was forty-nine years of age, in good health when hurt, in July 1920, and has since been an invalid, suffering from partial loss of speech, mind and memory, with an abnormal nervous condition of the left side. Three physicians, one a nerve specialist, testify as to claimant's disability and express the opinion that it resulted from the fall, which is strengthened by the fact that the one seemed to follow the other almost immediately. This is competent evidence and, although to some extent contradicted, sufficient to support the findings, as the professional opinion here goes even further than to affirm that the result in question probably came from the assigned cause: see Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; Kelly v. Watson Coal Co., 272 Pa. 39, 42.

Section 314 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 747, provides, inter alia; "At any time after an injury, the employee, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. . . . The [compensation] board may at any time after such first examination, upon petition of the employer, order the employee to submit himself to such further examinations as it shall deem reasonable and

necessary, at such times and places and by such physicians as it may designate." The present claimant submitted to physical examinations by physicians of the employer on two occasions, and, thereafter, the latter petitioned the referee (the case having been duly referred to him) to order the claimant placed in a hospital for a period of from ten to fourteen days, for observation and further examination, that his condition and its cause might be the more certainly ascertained. From the order of the referee refusing this petition, defendants appealed to the compensation board; but the referee proceeded to a hearing of the case upon the merits, pending such appeal; his right to do so was contested below and also here. The refusal of a further personal examination of plaintiff, however, was an interlocutory order and the so-called appeal therefrom void; hence, the referee was within his rights in proceeding with the case. The appeal which any party in interest may take to the board, within ten days after notice, is from the award or disallowance of compensation (Act of June 2, 1915, sec. 419, P. L. 736, 753) not from interlocutory orders. It would be most unfortunate if this class of cases, where the statute aims to afford prompt relief, could be indefinitely delayed by appeals from intermediate orders. Moreover, the statute, as above quoted, says the compensation board "may" order further physical examinations, not that it must do so; therefore, it is a matter for the sound discretion of the board, or primarily of the referee, when hearing the case. Nothing less than a manifest abuse of discretion would justify the interference of the courts (see Cohen v. Phila. R. T. Co., 250 Pa. 15) and none is here shown.

The assignments of error are overruled and the order of the court below is affirmed.