Gabersek, Appellant, *v.* Hillman C. & C. Co.

Argued April 18, 1932. Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*John Laffey,* and with him *R. L. Wallace,* for appellant.

*R. M. Steffler,* for appellee.

OPINION BY STADTFELD, J., October 10, 1932:

This is a workmen's compensation case. On March 21, 1928, John Gabersek was injured while in the course of his employment with the Hillman Coal and Coke Company. A compensation agreement was entered into between the said parties, on the basis of total disability for an indefinite period. Compensation was paid thereunder from March 29, 1928 until June 27, 1930, when defendant filed petition with the workmen's compensation board to terminate the compensation alleging that the claimant's disability had ceased, and that he was able to return to work. An answer was filed by claimant, denying that his disability had terminated, as also denying that the agreement should be terminated. The referee had several hearings on the petition, both sides producing medical testimony to show claimant's physical condition. During the last hearing on November 21, 1930, defendant requested the referee that it be allowed to have the claimant examined by its doctor. Claimant refused to be examined, either at a hospital, where defendant

asked to have him sent for observation by defendant's doctors, or at the offices of said doctors. It appeared that claimant had previously been examined and treated a number of times by defendant's doctors. Thereupon the case being closed, the referee, on December 17, 1930, made an order, refusing to terminate claimant's compensation, dismissed defendant's petition to terminate, and at the same time as of November 21, 1930, suspended payments until such time as claimant submits to examination by defendant's doctors, the period of refusal to be deducted from the period during which compensation would otherwise be payable. From this order, claimant appealed to the Workmen's Compensation Board, claiming that the defendant had not presented a petition asking for an examination of claimant required by section 314 of the act, and that the referee had made no order for such examination.

The Workmen's Compensation Board reversed the order of the referee on the ground that the record failed to disclose any order of the referee directing the claimant to submit to an examination, and directed the defendant to continue the payment of compensation to the claimant until such time as the defendant shall petition the board for an order directing the claimant to submit to an examination under the provisions of section 314 of the Workmen's Compensation Act, and thereupon, a further petition for termination or modification under the compensation agreement.

Thereupon, the defendant appealed to the common pleas court of Westmoreland County, which on June 8, 1931, in an opinion by WHITTEN, J., reversed the order made by the Workmen's Compensation Board, on the ground that the referee's order was interlocutory, and an appeal therefrom void, and remitted the record to the referee and the board for further hearing and final determination. From said decree claimant has appealed to this court.

The sole question involved in this appeal is whether

the Workmen's Compensation Board has jurisdiction to entertain an appeal from an order of a referee suspending payment of compensation until claimant shall submit himself to medical examination by defendant.

A defendant in a workmen's compensation proceeding undoubtedly has the right to have a medical examination made of any employe claiming compensation. The Workmen's Compensation Act, section 314, Act of June 2, 1915, P. L. 736, provides as follows: "At any time after an injury the employe, if so requested by his employer, must submit himself for examination at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse, upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer; and if the employe shall, without reasonable cause or excuse disobey or disregard such order, he shall be deprived of his right to compensation under this article. The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary, at such times and places and by such physicians as it may designate; and, in such case, the employer shall pay the fees and expenses of the examining physician or physicians, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination. The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or

award, shall deprive him of the right to compensation under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable."

The question involved has been squarely ruled by the Supreme Court of our state in Roach v. Oswald Lever Co., 274 Pa. 139, wherein the court in an opinion by Mr. Justice WALLING, says (142): "The refusal of a further personal examination of plaintiff, however, was an interlocutory order and the so-called appeal therefrom void; hence the referee was within his rights in proceeding with the case. The appeal which any party in interest may take to the board, within ten days after notice, is from the award or disallowance of compensation (Act of June 2, 1915, section 419, P. L. 736, 753) not from interlocutory orders."

It follows that the appeal by claimant from the interlocutory order made by the referee, dated December 17, 1930, to the board was void. The court below properly set aside the order of the board. The payments to claimant should, however, continue until defendant shall petition the board for an order directing claimant to submit to an examination under the provision of section 314 of the Workmen's Compensation Act. With this modification in the order remitting the record to the referee and board for further hearing and final determination, the decree of the lower court is affirmed.