WILLIAM BUECHSE & SONS COMPANY, a corporation, complainant-appellant,

*v.*

BLUE MOON CHEESE PRODUCTS, INCORPORATED, and GOOD BROTHERS, INCORPORATED, a corporation, defendants-respondents.

[Argued October 28th, 1937. Decided January 26th, 1938.]

*Mr. Leo S. Sullivan (Mr. Donald M. Waesche,* of counsel), for the complainant-appellant.

*Messrs. McCarter & English (Mr. Sidney R. Pine,* of counsel), for the defendant-respondent Good Brothers, Incorporated.

PER CURIAM.

This is an appeal from a final decree of the court of chancery made on the advice of Vice-Chancellor Egan.

The bill asserts that the complainant and Blue Moon Cheese Products, Incorporated (hereinafter called Blue Moon), entered into a contract, whereby the complainant was given the exclusive right to sell and distribute the products of the Blue Moon in Hudson and Bergen counties, New Jersey; that the defendant, Good Brothers, Incorporated, receiving knowledge of the existence of this contract, connived and conspired with Blue Moon to abrogate the same, and brought about a violation thereof, in consequence of which it was substituted in the place of the complainant to distribute the products of Blue Moon in said counties. The Blue Moon was not named as a defendant in the original bill; it was named as a defendant in the amended bill. It was not properly served with process in this suit, and, therefore, is not a party to these proceedings.

The bill seeks a discovery as to sales and distribution in the said counties; an accounting for the profits arising therefrom, and an injunction against the defendant Good Brothers, Incorporated, from selling or distributing said products in Hudson and Bergen counties.

The learned vice-chancellor, in his opinion which is marked "not to be printed in any report," after reviewing the facts, said:

"It appears to be established that the complainant desired to enter into a contract with the Blue Moon; it submitted to Blue Moon certain terms to be incorporated in the proposed contract; those terms were not accepted by Blue Moon. Then, Blue Moon made certain propositions to the complainant which complainant did not accept. It is quite evident that the complainant and Blue Moon had in mind the preparation of a written contract. but they were, at no time, in accord as to the details thereof."

The vice-chancellor was unable to find anything in the evidence which indicated that in all the terms of the contemplated contract, there had been a meeting of the minds of the parties. He cited, among other cases, *Turkington* v. *Zuber, 100 N. J. Eq. 285,* wherein Mr. Justice Trenchard speaking for this court said:

"Specific performance will not be decreed unless the existence and essential terms of the contract be clearly proved. It must be shown that a contract has been concluded. If it be reasonably doubtful whether the contract was finally closed, equity will not interfere by decreeing a specific performance. Nor will it interfere when the evidence leaves the agreement as to any of its essential terms in uncertainty."

The vice-chancellor found as a fact in the case that the correspondence, which he recited, clearly evidenced the want of a complete contract between the complainant and Blue Moon and he reached the conclusion therefore, that since there was no contract, then the defendant Good Brothers, Incorporated, was not guilty of the charges alleged in the complaint to the effect that it connived with Blue Moon and willfully and fraudulently caused the alleged contract to be violated. The vice-chancellor said: "Equity will not restrain a third party from interfering with a contract, which is indefinite, uncertain and incomplete, or where its terms are such that specific performance of it would not be decreed." Citing *Kernan & Co.* v. *Wilson Amusement Co., 152 Atl. Rep. 503; Oken Phonograph Corp.* v. *Armstrong, 63 Fed. Rep. (2d) 636. Turkington* v. *Zuber, supra; Tansey* v. *Suckoneck, 98 N. J. Eq. 669.*

We have examined the proofs and concur in the conclusion of the learned vice-chancellor that the evidence did not sustain the allegations of the bill.

We are, therefore, of the opinion that the bill of complaint was properly dismissed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.