Rennard *v.* Rouseville Cooperage Company (et al., Appellant).

Argued April 17, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Clark H. Painter,* with him *Dale B. Painter,* and *Howard I. Painter,* of *Painter & Painter,* for appellee.

OPINION BY STADTFELD, J., July 20, 1940:

This is an appeal by the Pennsylvania Manufacturers' Association Casualty Insurance Company, insurance carrier, from the judgment of the Court of Common Pleas of Butler County, affirming an award of the Workmen's Compensation Board, continuing compensation in favor of Paul Rennard, claimant.

On October 19, 1934, claimant, while employed as superintendent in the plant of the Rouseville Cooperage Company, defendant, suffered an injury to his back. While engaged in picking up and moving a beer keg, claimant twisted his right leg so as to injure three lower lumbar vertebrae and the sacroiliac. On June

20, 1935, claimant and defendant company entered into an open agreement, reciting that claimant's disability began on June 1, 1935, and providing for the payment of compensation for total disability from June 8, 1935. Claimant executed a final receipt on July 10, 1935, and filed a petition to set it aside on March 30, 1936. This proceeding terminated favorably to claimant, the agreement being reinstated to provide for the payment of compensation on the basis of a 50% partial disability.

On April 18, 1938, defendant company filed a petition to terminate, alleging that claimant had fully recovered from his injury, and that his earning power was then "greater than the amount being made at the time of his injury". After hearing upon this petition and answer thereto, the referee made the following finding of fact: "Fourth: Since claimant through his training and employment has rehabilitated himself to the point where he is able to earn more money than he did prior to the date of the accident, your Referee is of the opinion and finds as a fact that, although claimant has some definite physical disability, he has failed to show that same has caused him a loss in earning power." The referee suspended compensation. Upon appeal to the board, the findings of fact, conclusions of law and order of the referee were set aside. The board substituted its own finding of fact to the effect that "claimant's loss of earning power has not changed or ceased; that he is still suffering a loss of earning power to the extent of fifty per cent". The board thereupon ordered defendant company to continue to pay compensation. The court of common pleas affirmed the award of the board. This appeal by the defendant insurance carrier followed.

It appears from the testimony in the record, and it is admitted by claimant, that prior to the hearing on the petition to terminate, the defendant requested claimant to report to Dr. Summerville in Oil City for a medical examination. It is also admitted that claimant, acting on advice of his counsel, refused to submit to an exam-

ination by Dr. Summerville. At the hearing before the referee, counsel for defendant presented a motion requesting suspension of compensation payments as of March 26, 1938, for the reason that claimant had refused on that day to submit to an examination requested by defendant. The referee refused this motion.

Section 314 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as re-enacted by the Act of June 4, 1937, P. L. 1552, provides that at any time after an injury, the employee, if so requested by his employer, must submit himself for examination; and if the employee shall refuse, upon the request of the employer, to submit to the examination by the physician selected by the employer, the board may, upon petition of the employer, order the employee to submit to an examination. Disregard of the board's order to submit to examination without reasonable cause or excuse, operates to deprive one of his right to compensation.

It is clear that upon claimant's refusal to submit to a medical examination in the instant case, the employer had the opportunity to present its petition, and the board would, thereupon, have been in a position to make an order directing claimant to submit to a medical examination, or upon his refusal so to do, could have ordered the suspension of compensation. No such proceedings were instituted in the instant case.

In *Roach v. Oswald Lever Co. et al.,* 274 Pa. 139, 117 A. 785, the Supreme Court of this Commonwealth held that where a referee refuses to order the claimant to submit to further medical examination, nothing less than a manifest abuse of discretion would justify the interference of the courts. We cannot say that an abuse of discretion on the part of the referee has been shown in the instant case.

We have carefully examined the entire record with a view to determining whether any findings had been made, which would be sufficient to sustain an award, and whether or not such findings as had been made,

are supported by substantial legally competent evidence. The order of the Workmen's Compensation Board, awarding compensation to appellee, was based upon the sole finding of fact that "claimant's loss of earning power has not changed or ceased; that he is still suffering a loss of earning power to the extent of fifty per cent."

At the hearing on the petition to terminate there were but two witnesses, the claimant himself and his doctor. It appears that claimant's wages at the time of the accident were $29.70 per week; that he returned to work at $40 or $50 per week; that he continued to work for the same employer until April 1937 when he quit his employment and went into a private brokerage business and that on January 1, 1938, he went to work at a salary of $50 per week, for the Allied Barrel Company, as a regular employee in the capacity of a salesman which required him to travel over a number of states. He was engaged in this manner at the time of the petition for termination of compensation.

No testimony was offered on behalf of the claimant tending to explain the difference in wages received after the accident so as to show that he was not actually earning the wages received. On the contrary, he testified as follows: "Q. And you feel that you have built up this business by your own effort? A. Yes, my own effort and my connection with the company. Q. And what business you have gotten as a salesman, you feel is represented by $50 per week? A. That is the amount I have been getting paid. Q. And you feel that the business that you had was yours? A. I couldn't have gotten the business without my having went to work. Q. But it was developed by you? A. Yes, it was developed by me, yes."

On the same question, claimant's own doctor testified as follows: "Q. If this man is able, and has testified that he has driven an automobile 230 to 240 miles in a

day, and that in the line of his duties as a traveling salesman, would that not be evidence to you that he does not have any loss in earning power from any other traveling salesman? A. If he can do that every day, I would say—yes."

The principle is, of course, well established that the amount of wages received after an accident is evidence, but not conclusive, in determining the earning power of an employee at such time. For such wages may often indicate that the employee is the beneficiary of a mere gratuity (*Weinstock v. United Cigar Stores Co.*, 137 Pa. Superior Ct. 128, 8 A. 2d 799), that the character of his work does not truly reflect his earning power (*Henry v. Pittsburgh Railways Co.*, 131 Pa. Superior Ct. 252, 200 A. 294), that a general change in wage scales has taken place for the type of work or in the industry (*Marmon v. Union Collieries Co.*, 135 Pa. Superior Ct. 582, 7 A. 2d 156), or that they are intended as an inducement to refrain from pursuing a claim (*Bispels v. C. R. Shoemaker, Inc., et al.*, 133 Pa. Superior Ct. 117, 2 A. 2d 35). There is nothing in the testimony to indicate that the same or similar circumstances existed in the instant case. No explanation consistent with loss of earning power was given. In fact, claimant's own testimony favored the inference that he was actually *earning* the wages he received after the accident. There should have been some testimony explaining the increase of wages received after the accident where there are no findings as to other elements affecting earning power, in order to entitle claimant to compensation.

Moreover, it should be noted that the board, in the instant case, made no finding as to claimant's partial disability and the extent thereof. The fact that the Workmen's Compensation Act requires that payment of compensation shall be made during the period of disability, establishes the necessity of such a finding as

the basis for an award, the amount of which is to be determined in accordance with the extent to which it reflects itself in a loss of earning power. In the absence, therefore, of such essential finding on the part of the board, it is apparent that this award cannot be sustained.

Inasmuch as this case must be remanded to the compensation authorities, one other matter remains for disposition in order to avoid the repetition of an error in the proceedings that may follow. Where one of the parties to a compensation agreement seeks to change its terms, he must assume the burden of proof: *Carson v. Real Estate-Land T. & T. Co.,* 109 Pa. Superior Ct. 37, 165 A. 677; *Poellot v. B. & O. R. R. Co.,* 109 Pa. Superior Ct. 471, 167 A. 497. Had the referee so ruled, it would have been unnecessary for the claimant to have introduced into evidence, the testimony adduced at the hearing upon the prior petition to reinstate compensation as of March 30, 1936. The issue as to the admissibility of that evidence would, therefore, not have arisen. Because of the referee's ruling, however, the claimant did offer the testimony of the earlier proceedings in evidence to carry the burden erroneously imposed upon him. This offer, it appears, was not objected to by defendant's counsel. Because of the manner in which we have disposed of this case, no irreparable harm to either party has resulted by reason of the admission of that evidence.

The judgment of the court below is reversed and the record is remanded to the court below with instructions to remit it to the compensation authorities for further hearing and determination not inconsistent with this opinion.