Pellegrino *v.* Baldwin-Lima-Hamilton Corporation.

Argued February 11, 1972, 

John W. Wellman, with him Fronfield, DeFuria and Petrikin, for appellant.

Jack A. Rounick, with him Emanuel A. Bertin and Moss, Rounick & Hurowitz, for appellee.

OPINION BY JUDGE MENCER, April 13, 1972:

This appeal is from an order of the Court of Common Pleas of Delaware County affirming an order of the Workmen's Compensation Board in dismissing the termination petition of Baldwin-Lima-Hamilton Corporation (Baldwin). Michael Pellegrino (claimant), while in the regular course of his employment with Baldwin, sustained a compensable injury to his back on June 13, 1963. On June 24, 1963, the parties to this lawsuit entered into an open compensation agreement. Baldwin, on April 4, 1968, petitioned for termination of compensation under the agreement, asserting that claimant's original disability had terminated on January 10, 1966, and that any existing disability was a consequence of an automobile accident which occurred on February 11, 1966.

The Referee dismissed Baldwin's termination petition but found as a finding of fact that claimant was paid compensation from June 13, 1963 to January 5, 1966. Both parties appealed from the Referee's decision. The Board likewise dismissed Baldwin's termination petition but its order provided for payment to claimant from June 13, 1963.

Baldwin initiated proceedings to terminate compensation payments being made to claimant under an agreement and accordingly the burden of proof is upon Baldwin to show that claimant is no longer entitled to such payments. *Desiderio v. Penn Fruit Co., Inc.,* 207 Pa. Superior Ct. 468, 218 A. 2d 602 (1966). Also, Baldwin has the burden of proving that claimant's disability from the accident has ceased. *Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A. 2d 578 (1964).

Where, as here, the decision of the Board is against the party having the burden of proof, the question on appellate review is whether the findings of the Board are consistent with each other and with its conclusions of

law and its order and can be sustained without a capricious disregard of competent evidence. *Doheny v. City Stores,* 201 Pa. Superior Ct. 566, 193 A. 2d 650 (1963) ; *Frombach v. United States Steel Corp.,* 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971).

After a careful review of the entire record, we are satisfied that Baldwin failed to meet its burden of proof in this case. There is competent testimony to support (1) the determination that claimant's injuries and disability continued from June 13, 1963 to the time of the Board's order of January 27, 1971 and (2) that the injuries suffered in the automobile accident of February 11, 1966, only aggravated his preexisting condition. Baldwin did not offer medical testimony to the contrary. The Board's findings were not a result of a capricious disregard of competent evidence.

Here the claimant cannot perform the same work which he did prior to the accident of June 13, 1963, by reason of the back injuries which he sustained on that date. The medical evidence presented by the parties establishes that claimant can work but only at jobs not requiring heavy lifting. Baldwin asserts that claimant is not totally disabled since he can do light work of a general nature. However, the determination of total disability is one which requires, in addition to medical evidence, a consideration and weighing of such factors as the claimant's mental outlook, his industrial background, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists. *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A. 2d 104 (1954). There is no presumption that light work of a general nature which a claimant is capable of performing continuously is, in fact, available to him, and the burden of proving the availability of such work to the claimant is upon the employer. *Petrone v. Moffat Coal*

*Company,* 427 Pa. 5, 233 A. 2d 891 (1967). Here an examination of the record discloses that Baldwin did not meet its burden of proof (1) relative to the availability of light work to the claimant and (2) in regard to the cessation of claimant's total disability resulting from the accident of June 13, 1963. Therefore, claimant is entitled to a finding of total disability.

The record does establish that claimant was employed by Baldwin following the accident during the period of June 26, 1963 to April 10, 1964. Total disability agreed to by the parties to a compensation agreement is presumed to continue unless and until competent evidence and testimony disclose otherwise. *Stever v. Rea & Derick,* 206 Pa. Superior Ct. 158, 212 A. 2d 90 (1965). However, payment of compensation during this period should have been suspended. *Schrecengost v. O. K. Heilman Trucking Co.,* 174 Pa. Superior Ct. 299, 101 A. 2d 417 (1954). We therefore modify the Board's order[1] by adding thereto at the end of its first paragraph the following: Claimant having returned to work on June 26, 1963, payment of compensation is suspended for the period commencing June 26, 1963 and extending to and including April 10, 1964.

Order, as modified, affirmed.

---

[1] Act of July 31, 1970, P. L.　, No. 223, Art. V, §504, 17 P.S. §211.504.