## Adelphia Button Company, et al. *v.* McKenna, et al.

Argued April 6, 1973, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*David L. Pennington,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellants.

*Elizabeth M. McKenna,* for appellee.

OPINION BY JUDGE ROGERS, May 7, 1973:

Elizabeth McKenna sustained injuries to the fingers of her right hand while operating a punch press in her employment by Adelphia Button Company. The parties entered into an agreement in which the claimant's injuries were described as follows: "[c]rushed right index finger and rt. Middle finger, third finger broken, 4th finger fractured. Extent of amputation undetermined to date. . . ." In fact, portions of the claimant's index finger and middle fingers were amputated in the accident. Surgeons attempted to sew the fingers back in place, but the middle finger failed to remain in place, the end of the index finger which had been sewn back was required to be removed and a reamputation of the index finger performed.

After making payments for 53 weeks under an open total disability agreement, the employer stopped payments and filed a Petition to Modify, alleging that the claimant's injuries had resolved themselves into a loss of one-half of the right index finger and the loss of the right middle finger with a six-week healing period. The referee found that the claimant's condition of total

disability continued and denied the petition for modification and ordered the employer to continue payments for total disability. The Workmen's Compensation Board affirmed. The employer has appealed to this court, contending that the Board capriciously disregarded evidence that (1) the parties had stipulated at the hearing that the only remaining disability was the loss of two fingers with appropriate healing period and (2) that in fact claimant was not totally disabled at the time of the hearing. The testimony was, as the appellant contends, badly recorded. The record is, however, of a clarity sufficient to support the decision of the compensation authorities.

The appellant went to the hearing with the burden of proving that the claimant's total disability, established by the agreement, had decreased. *Pellegrino v. Baldwin-Lima-Hamilton Corp.*, 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972) ; *Fehr v. Y.M.C.A., Pottsville*, 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963). It adduced no testimony. Its counsel appears to have gone to the hearing assuming that if he there conceded that there was a loss of two fingers instead of the entire loss of one finger and of one-half of another, as alleged in its Petition to Modify, then claimant's counsel would agree that compensation should be awarded on that basis. The colloquy which took place at the opening of the hearing reveals no concession by claimant's counsel that her client's disability was so limited, and the fact that the claimant thereafter testified seems inconsistent with the assertion that the parties had agreed on the extent of disability. Further, the Rules of Procedure of the Workmen's Compensation Board wisely provide that stipulations should be reduced to writing and filed with the compensation authorities. Article III, Rule (8), 77 P.S. Appendix, p. 425.

Nor does the record indicate a capricious disregard of competent evidence that the claimant was not totally

disabled at the time of the hearing. As noted, the employer produced no evidence. The claimant testified and was not questioned by either counsel concerning her then condition of disability. Since the burden was on the employer to prove a decrease of disability, the referee and the Board quite properly concluded that the condition of total disability admitted in the agreement continued.

## ORDER

And now, to wit, this 7th day of May, 1973, the order of the Workmen's Compensation Board is affirmed; judgment is hereby entered in favor of Elizabeth McKenna, the claimant, and against the Adelphia Button Company and Aetna Insurance Company, defendants, for compensation at the rate of $45.33 per week beginning December 11, 1969 and continuing for an indeterminate period in accordance with The Pennsylvania Workmen's Compensation Act, together with interest at the rate of six (6%) percent per annum on unpaid installments from the due date thereof; the defendant insurance carrier is entitled to credit for compensation benefits paid to the claimant at the rate of $45.33 per week for a period of 53 weeks.