School District of Philadelphia, Appellant, *v.* Workmen's Compensation Appeal Board and Anthony Rocco Fabiano, Appellees.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert T. Lear*, for appellant.

*Richard A. Weisbord*, with him *Freedman, Borowsky and Lorry*, for appellee.

OPINION BY JUDGE MENCER, March 5, 1975:

On August 24, 1972, Anthony Rocco Fabiano (Fabiano), while in the course of his employment with the School District of Philadelphia (employer), fell off a ladder and sustained injuries to his back. Fabiano's injuries were compensable under the provisions of The Pennsylvania Workmen's Compensation Act (Act)[1] and the employer has paid the statutory compensation benefits for total disability since the date of the accident.

As part of the medical services provided by the employer, Fabiano underwent an electromyelogram study on January 23, 1973 which indicated essentially normal results. On February 12, 1973, Fabiano was reexamined by an orthopedic specialist who recommended that, if low back pain continued, a lumbar myelographic study be performed. On April 4, 1973, Fabiano was examined by a neurosurgeon who recommended that he submit to a myelogram,[2] but Fabiano refused to follow this recommendation.

On November 19, 1973, the employer filed a petition requesting the Workmen's Compensation Appeal Board (Board) to order Fabiano to submit to a myelogram as a part of a complete physical examination.[3] The Board,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

2. A myelogram has been described as a diagnostic procedure which involves the injection of an opaque solution into the spinal canal. The patient's torso is then tilted so that the dye may infiltrate the intervertebral disc spaces. X-rays are taken to reveal abnormalities, if any.

3. The heart of the problem in this appeal is whether or not a myelogram is a part of a complete physical examination. Section 314 of the Act, *as amended*, 77 P.S. §651 (Supp. 1974-1975), requires an injured employe to submit himself for physical examination and provides that refusal or neglect to do so, without reasonable cause or excuse, shall deprive him of the right to compensation. Under this section, is a myelogram a part of a physical examination? If so, then upon claimant's refusal to undergo a

without hearing, denied the petition on May 14, 1974. This appeal followed and we remand to the Board.

Three sections of the Act are relevant to our consideration and disposition of this appeal. In pertinent part, they read as follows:

"At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer. The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary, at such times and places and

---

myelogram and upon the employer's petition, the Board could order the claimant to submit to a myelogram. If not, then the Board is without such power and the application of Section 306(f) of the Act, *as amended and renumbered*, 77 P.S. §531 (Supp. 1974-1975), would need be considered. Section 306(f) provides that an employe shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from a refusal of reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies. We believe this is a question of first impression and one that cannot be decided without a record developed at a hearing. However, we are favorably impressed with the reasoning found in *Bostic v. Dreher*, 206 Pa. Superior Ct. 257, 213 A. 2d 118 (1965), where it was held that there was no abuse of discretion on the part of the compensation authorities in determining that claimant's refusal to submit to a second myelogram (the first one having been voluntarily received) was not without reasonable cause or excuse.

by such physicians as it may designate; and in such case, the employer shall pay the fees and expenses of the examining physician or physicians, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination." §314, 77 P.S. §651 (Supp. 1974-1975).

"Whenever a claim petition *or other petition* is presented to the department, the department shall, by general rules or special order, assign it to a referee *for hearing.*" §414, 77 P.S. §775 (Supp. 1974-1975) (emphasis supplied).

"The referee to whom a petition is assigned for hearing, may subpoena witnesses, order the production of books and other writings, and hear evidence, shall make a record of hearings, and shall, in writing and as soon as may be after the conclusion of the hearing, such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the petition and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require." §418, 77 P.S. §833 (Supp. 1974-1975).

Thus, it can be readily discerned that, upon receipt of the employer's petition seeking an order to require Fabiano to submit to a myleogram as a part of a complete physical examination, the Board was statutorily obligated to assign it to a referee for hearing. The Board failed to do so but denied the petition without a hearing.

Our scope of review, where the order of the Board is against the party having the burden of proof (employer, as the petitioning party here, has the burden of proof), is limited to the determination of whether or not the Board's findings of fact are consistent with each other and with its conclusions of law and its order and can be sustained without a capricious disregard of competent evidence. *Pellegrino v. Baldwin-Lima-Hamilton Corporation,* 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972).

However, in the instant case we cannot apply this rule as to the scope of our review because the Board's order is not supported by any findings of fact or conclusions of law. This appeal is controlled by our decision in *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 281 (1973). In *Sherred,* Judge BLATT wrote, equally applicable and dispository here, the following:

"Section 418 of the Workmen's Compensation Act, 77 P.S. §833, specifically provides that the Board 'shall make, in writing and as soon as may be after the conclusion of the hearing, such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the petition and answers and the evidence produced before it . . . and the provisions of this act shall, in its . . . judgment require.' No such findings or conclusions appear anywhere in the record.

"Without findings of fact and conclusions of law, our task in interpreting the Board's actions would be extremely difficult. Such findings, moreover, should be sufficiently specific to enable this Court in its review to pass upon questions of law. When such findings and conclusions are not specific, let alone not existent, our only course is to remand the decision to the Board so that it may file what is needed to permit fair judicial scrutiny. Frombach v. United States Steel Corp., supra. The courts of this Commonwealth have frequently noted the necessity for findings of facts and conclusions of law in the decisions of other administrative agencies. McKinley v. State Board of Funeral Directors, 5 Pa. Commonwealth Ct. 42, 288 A. 2d 840 (1972) ; Gottshall v. Batt, 71 Dauph. 383 (1958); Water and Power Resources Board v. Jones, 70 Dauph. 284 (1957)." 7 Pa. Commonwealth Ct. at 405-06, 229 A. 2d at 383-84.

We accordingly make the following

ORDER

Now, this 5th day of March, 1975, the record in this case is remanded to the Workmen's Compensation Appeal

Board with the direction that the School District of Philadelphia's petition for further physical examination of Anthony Rocco Fabiano be assigned to a referee for a hearing, and, at the conclusion thereof, the referee shall make in writing such findings of fact, conclusions of law, and order as the petition and answer and the evidence produced before him and the provisions of The Pennsylvania Workmen's Compensation Act shall, in his judgment, require.