Bi-Lo Shop-N-Bag and American Hardware Mutual Co., Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James Hesson, Respondents.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Susan McLaughlin,* with her *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioners.

*Carl M. Mazzocone, Kates, Livesey and Mazzocone, P.C.,* for respondent, James Hesson.

OPINION BY JUDGE PALLADINO, June 22, 1981:

Petitioners (employer and employer's insurer) appeal an order of the Workmen's Compensation Appeal Board (Board) which denied the employer's petition for additional medical examinations of Claimant (employe). We remand.

As the result of a work-related injury in the course of employment, Claimant was awarded total disability benefits. Following the injury and the compensation award, Claimant was examined by several doctors including an orthopedic surgeon and a rheumatologist who were selected by Petitioner-employer.

On January 25, 1980, the Board issued an order denying the employer's petition for further medical examination of Claimant. The order was rendered without a hearing and was unaccompanied by an opinion.

Section 414 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §775, states that "[w]henever a . . . *petition* is presented to the department, the department *shall . . . assign it to a referee for hearing.*" (Emphasis added.) Thus, "the Board [is] statutorily obligated to assign [a petition] to a referee for hearing." *School District of Philadelphia v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 525, 528, 333 A.2d 223, 225 (1975). In the case before us, the Board denied the petition without a hearing.

Section 418 of the Act, 77 P.S. §833, outlines the important evidentiary function of a hearing:

The referee to whom a *petition* is assigned for hearing, may subpoena witnesses, order the production of books and other writings, and hear evidence, *shall make a record* of hearings, and *shall make, in writing . . .* such *findings of fact, conclusions of law,* and award or disallow-

ance of compensation *or other order,* as the *petition* and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require. (Emphasis added.)

Moreover, we have held Section 418 of the Act applicable to the Board as well as to a referee. *School District of Philadelphia; Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973). In the instant case the Board did not render an opinion or otherwise record any factual findings or legal conclusions.

Section 314 of the Act, 77 P.S. §651, provides that "[t]he board may at any time after [the] first examination, upon *petition of the employer,* order the employe to submit himself to such further examination as it shall deem reasonable and necessary. . . ." (Emphasis added.)

"The case law is clear that, 'an order [pursuant to Section 314] . . . is a matter for the sound discretion of the compensation authorities, and nothing less than a manifest abuse of that discretion will justify the interference of the court.' " *Grande v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 314, 315-16, 402 A.2d 315, 316 (1979) (quoting *Harrisburg Railways Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 485, 487-88, 333 A.2d 221, 222-23 (1975)); *Roach v. Oswald Lever Co.,* 274 Pa. 139, 117 A. 785 (1922); *Caggiano v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979); *Bostic v. Dreher,* 206 Pa. Superior Ct. 257, 213 A.2d 118 (1965); *Rennard v. Riuseville Cooperage Co.,* 141 Pa. Superior Ct. 286, 15 A.2d 48 (1940).

Since, here, the Board's order is not accompanied by factual findings or legal conclusions, we are unable to determine whether the compensation authorities have abused their discretion by not ordering Claimant

136

to submit to additional examinations. Therefore, we will enter the following

**ORDER**

AND Now, June 22, 1981, this case is remanded to the Workmen's Compensation Appeal Board with the direction that the petition of Bi-Lo Shop-N-Bag for further physical examination of Claimant James Hesson be assigned to a referee for a hearing, and, at the conclusion thereof, the referee shall make in writing such findings of fact, conclusions of law, and order as the petition and answer and the evidence produced before him and the provisions of The Pennsylvania Workmen's Compensation Act shall in his judgment, require.

Judge WILKINSON, JR. did not participate in the decision in this case.