Ralph **FINDLEY**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (BROOKLYN BAGEL, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 1998.

Decided March 26, 1998.

---

Neil Kerzner, Philadelphia, for petitioner.

Derek T. Frickey, Philadelphia, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Ralph Findley (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a workers' compensation judge (WCJ) suspending Claimant's workers' compensation benefits for failure to attend a physical examination ordered by the WCJ. We affirm.

Claimant sustained a work-related injury while working for Brooklyn Bagel, Inc. (Employer) on May 2, 1993. Claimant's claim petition for total disability benefits was granted by the WCJ on January 30, 1995. On March 20, 1995, Employer scheduled a medical evaluation for June 1995. This would have been Employer's second medical evaluation, the previous one occurring in 1993. Claimant did not attend the scheduled evaluation.

Employer thereupon filed a petition to compel Claimant's attendance at a physical examination. This petition was filed pursuant to Section 314 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651. That section provides in pertinent part:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice ... who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at the time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer. The board may at any time after such first examination, upon the petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary.... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation ... during the continuance of such refusal or neglect....

A hearing was scheduled on Employer's petition for August 25, 1995. Neither Claimant nor his attorney appeared at the hearing, and Claimant contends that he never received notice. At a later proceeding, the WCJ found that Claimant had received notice of this hearing, as there was no mail return of the notice. *See* Notes of Testimony (N.T.), June 4, 1996, p. 5. Moreover, counsel for Employer has attached to his brief a copy of a fax transmittal sheet dated August 25, 1995 and directed to Claimant's attorney. The sheet, indicating that four other pages were to follow, states: "Larry—Enclosed are documents I submitted in support of the Physical Exam petition at the hearing this morning before Judge Simmons. You have 7 days to submit your evidence (if any) or he

will grant our petition. Call me if you have any questions. Kenny." Employer's Brief, p. 19.

On November 20, 1995, the WCJ entered an order directing that Claimant submit to a physical examination pursuant to Section 314 of the Act. The date set for the examination was March 20, 1996. Claimant appealed this order to the Board, arguing that he did not have an opportunity to be heard.[1] On December 15, 1995, a hearing was convened before the WCJ to discuss the status of the physical examination. Both parties were in attendance, and the possibility of a suspension of benefits was discussed should Claimant fail to attend the examination. The WCJ's Finding of Fact No. 2 states that at this hearing, "Counsel for Claimant requested that the hearing be continued so that Claimant could undergo a physical examination scheduled for March 20, 1996. This request was granted and treated as a stipulation to the petition to compel, and ordered Claimant to do so." WCJ's Decision, September 10, 1996, p. 3. Claimant has not challenged this Finding of Fact.

Claimant did not attend the March 20, 1996 scheduled physical examination. Employer thereupon filed a petition to suspend benefits pursuant to Section 314 of the Act, and a hearing was scheduled for June 4, 1996. Claimant responded to Employer's petition by stating that he was willing to attend an examination after the June 4, 1996 hearing and that the November 20, 1995 order directing the physical examination was still under appeal. WCJ's Decision, September 10, 1996, Finding of Fact No. 6, p. 3. A hearing was thereafter held before the WCJ on June 4, 1996 on Employer's request to suspend benefits. Claimant, through counsel, stated that he did not attend the physical examination because he never had an opportunity to be heard on the petition to compel the examination. This argument was based upon the contention that Claimant never received notice of the August 25, 1995 hearing. As stated previously, that argument was refuted by the WCJ. The following exchange then took place:

MS. COLTON [Attorney for Claimant]: Now, there's a pending suspension petition, and I feel that the Claimant should have the opportunity at least to present evidence in opposition to the suspension petition. We are here today.

JUDGE SIMMONS: What does the Claimant wish to present today?

MS. COLTON: I wish to submit a brief in opposition to the suspension petition. If I could be given seven days for that.

JUDGE SIMMONS: Okay. Claimant's request for seven days for a brief is granted. And after review of the brief, I will issue a decision on the suspension petition.

MS. COLTON: Thank you, Your Honor.

N.T., June 4, 1996, p. 8.

On September 10, 1996, the WCJ entered a decision and order suspending Claimant's benefits for failure to attend a physical examination pursuant to Section 314. In coming to this decision, the WCJ made the following pertinent Findings of Fact:

9. By letter dated June 11, 1996, Counsel for Claimant requested yet another postponement of the case to allow Claimant to undergo an examination on October 6, 1996; four (4) months hence.

10. In the June 11, 1996 letter, Counsel for Claimant stated that Claimant had not been advised, apparently by his own counsel because the record clearly shows that notice of the March 20, 1996 examination was properly given, to attend the March 20, 1996 examination.

11. Subsequent to the November 20, 1995 Order, Claimant's counsel represented on three (3) separate occasions that Claimant would attend an examination, including the March 20, 1996 requested examination. Claimant has failed or refused to attend any examination to date.

12. No reasonable excuse or cause has been offered or presented by Claimant for his failure to attend the March 20, 1996 examination. Claimant could have requested and attended an examination anytime up to the June 4, 1996 hearing and thereby have shown some behavior other than refusal, failure or neglect.

---

1. The Board quashed this appeal on July 30, 1997 as interlocutory.

WCJ's Decision, September 10, 1996, p. 4. The Board affirmed, and this petition for review followed. This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence or whether an error of law or a constitutional violation occurred. *Columbo v. Workmen's Compensation Appeal Board (Hofmann)*, 162 Pa. Cmwlth. 307, 638 A.2d 477 (1994).

■ Claimant does not challenge any finding of fact made by the WCJ. Therefore, the WCJ's findings of fact are conclusive on this appeal. *Salamak v. Unemployment Compensation Board of Review*, 91 Pa. Cmwlth. 493, 497 A.2d 951 (1985). Rather, Claimant argues that he was deprived of his due process rights because he did not have an opportunity to be heard prior to the order directing the physical examination and because he did not have an opportunity to be heard prior to the suspension of benefits. Both assertions are, of course, incorrect, and the argument as a whole is ludicrous. The WCJ found that Claimant had received notice of the August 25, 1995 hearing that Claimant failed to attend. Notwithstanding, a second hearing was convened on December 15, 1995 wherein Claimant could have presented evidence regarding the impropriety of his undergoing a physical examination or any circumstantial matters that made such an effort a burden. Instead, Claimant agreed to undergo a physical examination. Further, Claimant's due process argument is based upon his assertion that he was denied a property interest in workers' compensation benefits without a hearing. An order to undergo a physical examination is not an order depriving one of a property interest in benefits.

Following Claimant's failure to attend the March 20, 1996 physical examination, a hearing was scheduled on Employer's suspension petition on June 4, 1996. Claimant attended. Therefore, any suggestion that Claimant was not afforded a hearing or an opportunity to be heard prior to the suspension of his benefits is ridiculous. Claimant requested the

opportunity to present evidence at the hearing and instead chose to submit a legal memorandum. Therefore, Claimant's due process arguments are completely without foundation.

■ Additionally, Claimant fails to address in his brief any of the factual findings of the WCJ regarding Claimant's agreements and requests to undergo a physical examination. These are simply ignored, as, of course, are any mention of what opposition to the physical examination Claimant would have raised at the August 25, 1995 hearing or which he could have raised at any of the subsequent hearings or upon petition to the WCJ. An order entered by the Board pursuant to Section 314 of the Act suspending benefits until such time as the claimant submits to an ordered physical examination rests within the sound discretion of the Board, and this Court shall not interfere with such an order barring a manifest abuse of that discretion. *Bi–Lo Shop–N–Bag v. Workmen's Compensation Appeal Board*, 60 Pa.Cmwlth. 133, 430 A.2d 1212 (1981). There was no abuse of discretion in the Board's affirmance of the WCJ's order suspending benefits.[2]

■ We further note that the frivolous nature of Claimant's appeal warrants the imposition of reasonable counsel fees against Claimant's counsel. Here, Claimant's counsel pursued an appeal on the sole contention that Claimant was denied the opportunity to be heard with regard to his opposition to undergo a physical examination and his opposition to the suspension of his benefits. The record is absolutely clear that Claimant had the opportunity to be heard and that he did not oppose a physical examination but, in fact, several times agreed to submit to one. At no time did Claimant attempt to introduce evidence in opposition to his undergoing a physical examination at any hearing or by filing any appropriate motion. Further, no evidence was provided why Claimant should be excused for his failure to attend a physical examination except for Claimant's counsel's purported failure to inform Claimant of the physical examination scheduled for March 20,

---

2. Claimant also argues that the Board erred by holding that Section 314 does not require a hearing prior to the WCJ ordering a physical examination. This argument is irrelevant in light of the fact that there was a hearing prior to the WCJ's order directing a physical examination.

1996. *See* WCJ's Decision, September 10, 1996, Finding of Fact No. 10, p. 4. Given the unchallenged factual scenario of this case, the arguments set forth by Claimant's attorneys in this appeal cry for the imposition of reasonable counsel fees against Claimant's counsel pursuant to Pa. R.A.P. 2744. *See Ausburn v. Workers' Compensation Appeal Board (Merrell & Garaguso)*, 698 A.2d 1356 (Pa.Cmwlth.1997); *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 680 A.2d 45 (Pa.Cmwlth.1996), *petition for allowance of appeal granted*, 548 Pa. 641, 694 A.2d 625 (1997). *See also Borough of Kennett Square v. Lal*, 165 Pa.Cmwlth. 573, 645 A.2d 474 (1994), *petition for allowance of appeal denied*, 540 Pa. 613, 656 A.2d 119 (1994) (this Court may *sua sponte* award reasonable counsel fees for frivolous appeals).

Accordingly, the order of the Board is affirmed, and reasonable counsel fees are assessed against Claimant's counsel and awarded to Employer. Employer shall file a bill of costs pursuant to Pa. R.A.P. 3751.

### ORDER

AND NOW, this 26th day of March, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed. Reasonable counsel fees are assessed against counsel for Claimant, Ralph Findley and awarded to Brooklyn Bagel, Inc. Brooklyn Bagel, Inc. shall file a bill of costs pursuant to Pa. R.A.P. 3751.