514 A.2d 996

H. K. Porter Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stephen O'Connor, Respondents.

Argued December 12, 1985, before Judges MAC-PHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Robert A. Detweiler,* for petitioner.

*Marc S. Jacobs,* Of Counsel: *Galfand, Berger, Senesky, Lurie & March,* for respondent, Stephen O'Connor.

OPINION BY JUDGE DOYLE, September 9, 1986:

H. K. Porter Co., Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which denied Employer's petition to the Board requesting that Stephen J. O'Connor (Claimant) be ordered to submit to a medical examination by a physician of Employer's choice pursuant to Section 314 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §651. Claimant has responded to this appeal on the merits and has also filed a motion to quash the appeal as premature, contending that the Board's order is interlocutory.

---

[1] Act of June 2, 1915, P.L. 736, *as amended.* Section 314 provides as follows:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such

The parties agree that Claimant was disabled by a work-related back injury on September 10, 1979, and that the Employer instituted proceedings before a referee to resolve the sole issue which remained with respect to that injury, namely, whether it constituted a *new* injury or an aggravation of a prior work-related injury which occurred on May 10, 1977. Employer alleged that the 1979 injury was merely an aggravation of the 1977 injury, and that therefore, its 1977 insurance carrier was responsible for the claim. Employer was

place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer. The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary, at such times and places and by such physicians as it may designate; and in such case, the employer shall pay the fees and expenses of the examining physician or physicians, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination. The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

The employe shall be entitled to have a physician or physicians of his own selection, to be paid by him, participate in any examination requested by his employer or ordered by the board.

self-insured at the time of the 1979 injury. A hearing on this issue was in progress at the time Employer filed the Section 314 petition.[2]

We note initially that a factual dispute exists with respect to this petition. Claimant asserts that he has already been examined by a physician of Employer's choice, and that Employer has presented testimony of this physician before the referee. Employer has submitted to this Court, under cover of a post-argument letter, various documents purporting to prove that Employer did not hire or choose the physician in question.[3] This tactic is, to say the least, highly inappropriate before an appellate court, whose scope of review does not extend

---

[2] Claimant has alleged that proceedings continued before the referee notwithstanding Employer's petition. We take judicial notice of the fact that such proceedings have been concluded and an appeal from the Board's decision, filed October 18, 1985, has been made to this Court and is docketed at 3093 C.D. 1985. The Petition for Review was filed by the Employer on November 15, 1985 and no mention is made, either in the Petition or in Employer's brief, of these pending proceedings. This petition was dismissed as of course on September 3, 1986 because Employer failed to comply with this Court's order to file a supplemental reproduced record on or before August 25, 1986.

[3] The parties are consequently in disagreement as to whether Employer's petition is brought pursuant to the first clause of Section 314, which pertains to an initial examination, or the second clause, which pertains to subsequent examinations. There is no doubt that Employer is appealing from a Board order which it *asserts* was a denial of a petition for a first physical examination. We take particular note, however, that Employer presented the testimony of Dr. Richard H. Kaplan, *its* examining physician, who examined the Claimant on November 11, 1981 well *before* the Employer filed its appeal on January 13, 1982. In its brief filed in support of its appeal at 3093 C.D. 1985 (see footnote 2, *supra)* Employer states: "Claimant's family physician refused to answer that question [new injury or old], so *defendant* requested an examination of Claimant by an orthopedist, Dr. Richard H. Kaplan, who testified that in his opinion it was a recurrence of the 1977 injury." (emphasis added).

to the resolution of factual disputes. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. In connection with this submission, Employer is arguing that the Board should have assigned its petition to a referee for an evidentiary hearing. We are referred for this proposition to the case of *Bi-Lo Shop-N-Bag v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 133, 430 A.2d 1212 (1981). *Bi-Lo* does state that a Section 314 petition must be assigned to a referee for a hearing, and that an order denying such a petition must be accompanied by findings of fact and conclusions of law. If it were otherwise, this Court could not perform its function of appellate review. As we stated in *Bi-Lo,* "[s]ince . . . the Board's order is not accompanied by factual findings or legal conclusions, we are unable to determine if the compensation authorities have abused their discretion by not ordering . . . additional examinations." There is a crucial distinction, however, between *Bi-Lo* and the case at bar, in that the former concerned a petition which was filed as an independent proceeding. The Board's order, therefore, was final, and could not be reviewed by this Court without findings of fact and conclusions of law. The holding of *Bi-Lo* is quite clear that the issue to be resolved was the function of the *Board* and it would be the *Board's* discretion that would be reviewed on appeal under Section 314 of the Act. The holding in *Bi-Lo* would be totally inapplicable to an interlocutory order, which is not yet the proper subject for appellate review, even if it were accompanied by findings of fact and conclusions.

We agree with Claimant therefore, that the Board's order in the instant case is interlocutory. As a general rule, any remand order of the Board is interlocutory and, therefore, unappealable. *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980). In this case, the Board's

order did not state that the case was to be remanded to the referee. This was, apparently, because the petition was not an appeal from an order or ruling of the referee. Employer simply submitted a collateral issue to the Board in the middle of the main proceedings. This procedure has raised a peculiar problem regarding the application of Section 314.[4]

A review of the case law reveals that there are basically two ways by which this Court might be presented with a Section 314 petition. In the first situation, there would be no proceedings currently before a referee or the Board, but the Employer might wish to contest liability or disability and believe that a medical examination of the Claimant is necessary for such purpose. Under these circumstances, we have held that the Board *must* assign the petition to a referee for a hearing and findings of fact, since we would be unable, as stated above, to exercise appellate review. *Bi-Lo; School District of Philadelphia v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 525, 333 A.2d 223 (1975).

Where, however, a petition is already pending before a referee, and a request for a Section 314 examination is filed as an integral part of that primary proceeding, the Board's order would be interlocutory. For

---

[4] We note that the lack of clarity regarding the use of this provision has caused confusion in the past. *See H.B. Sproul Construction Co. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 413, 431 A.2d 1143 (1981). In the *Sproul* case, this Court concluded that a Board order, which determined a claimant's refusal to submit to a medical examination to be reasonable (reversing a referee's suspension of benefits for claimant's refusal), but which also remanded the case to the referee for a decision on the merits, was final on the issue of suspension of benefits, but was interlocutory with respect to the remand. The Board noted that Employer's Section 314 petition did not inform the Board that a petition to modify was pending before the referee.

example, an employer might file a petition to terminate benefits which includes an allegation that claimant has refused to submit to a medical exam. *See Caggiano v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979). Another example would be where a petition for benefits is instituted by a claimant and the employer requests an examination for the purpose of contesting the existence and/or extent of disability. *See Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 274, 426 A.2d 209 (1981). Under these circumstances, it would appear that a referee may rule upon the request himself, and that a denial would then be subject to appeal before the Board and this Court as part of the appeal on the merits. *See Bostic v. Dreher,* 206 Pa. Superior Ct. 257, 213 A.2d 118 (1965).

Alternatively, an employer might request a continuance of the proceedings before the referee for the purpose of petitioning the Board to order a medical examination. *See Mrs. Smith.* We have never had occasion to rule on whether or not a Board's decision on such a petition would be interlocutory or subject to immediate appeal. Apparently, such decisions have been treated as appealable together with an appeal on the merits of the primary petition. *See Mrs. Smith.* We believe this is the more practical treatment, since the Section 314 petition would have the effect of interrupting the proceedings before the referee pending the outcome of the Board's decision. In addition, this Court would always carefully scrutinize the record before overturning a *Board* decision on a Section 314 petition since the standard of review is manifest abuse of discretion. *H.B. Sproul Construction Co. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 413, 431 A.2d 1143 (1981). Consequently, there is little risk of compromis-

ing the rights of any party by withholding review at that stage.

The problem remaining with respect to the petition currently before us is that it was treated by the Board as an independent proceeding. We do not have the benefit of the record in the case on the merits. We do not know, therefore, whether Employer made a request for the physical examination before the referee prior to petitioning the Board, or whether a continuance was requested pending the Board's decision on the 314 petition. We do know, however, that the matter was not continued pending an appeal to this Court.[5]

If the questions of whether or not a medical examination was necessary, whether or not Claimant's refusal of same (if, in fact, such refusal occurred) was reasonable, and whether or not Claimant had already been examined by a physician of Employer's choice, had been kept part of the proceedings in which the examination was to be offered as proof, the existing factual dispute could undoubtedly have been resolved by reviewing the record of the parties' primary dispute. Given the present procedural stance of the case, however, we see no alternative but to quash Employer's appeal as interlocutory.

ORDER

Now, September 9, 1986, the appeal of H.K. Porter in the above-captioned matter is hereby quashed as interlocutory.

---

[5] See footnote 2, *supra*.