616 A.2d 155

**William ROSS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALLIED SIGNAL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Oct. 1, 1992.

Robert J. Murphy, for petitioner.
Ronald F. Bové, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

William Ross (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee which had denied Claimant's claim and dismissed his appeal.

The relevant facts are as follows: Claimant had been employed as a maintenance electrician by Allied–Signal Corporation (Employer) from 1939 until his retirement on July 1, 1985. On September 20, 1985, Claimant filed a claim petition under Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(2). Claimant alleged that as a result of his exposure to asbestos, he suffered an occupational disease in the nature of lung disease, bilateral pleural placques and pleural thickening. On October 10, 1985 Employer filed an answer denying the material allegations in Claimant's petition.

By order dated May 5, 1988 a referee dismissed Claimant's petition for failure to prosecute the petition. The referee found that there had been eight hearings scheduled on the petition, the first on November 26, 1985 and the last on May 4, 1988. The referee further found that with the exception of the hearing scheduled for November 17, 1986, Claimant's attorney had requested that each hearing be continued. Neither Claimant nor his attorney appeared at a hearing held on May 4, 1988 and Employer requested that Claimant's petition be dismissed for failure to prosecute the petition. The referee concluded that Claimant had been given ample opportunity to present evidence in support of his petition, but that he had made no attempt to prove the allegations of his case. Claimant appealed the referee's decision to the Board which remanded the case for a decision on the merits. The Board stated:

It is with great reluctance, we remand this case for it to proceed on its merits. We are in sympathy with the Referee who refused a further continuance. We are

shocked this matter has been pending for three years with *no testimony* having been taken. However, we will remand with the clear warning that this type of dilatory conduct will not be tolerated in the future.

Opinion of the Board, February 2, 1989.

On April 13, 1990, the referee issued an order dismissing Claimant's petition and made the following pertinent findings of fact and conclusions of law:

## Findings of Fact

4. Upon remand, Claimant's testimony was presented on May 3, 1989. In his testimony Claimant described his exposure to asbestos while in the employ of [Employer]. Claimant also testified that he stopped working for [Employer] when he retired on July 1, 1985.

5. Also at the hearing held on May 3, 1989 Claimant's counsel offered into the record Claimant's medical evidence, *i.e.,* the medical deposition testimony of Dr. Allan Freedman which was taken on April 18, 1989. (This deposition was marked C–1 for identification). [Employer's] attorney objected to the admission of Dr. Freedman's deposition,[1] and the Referee held [Employer's] objection under advisement after directing counsel to submit memoranda on the admissibility of the deposition. On November 16, 1989 the Referee received the last memoranda concerning the admissibility of the Freedman deposition.

6. In a letter to counsel, dated November 21, 1989, the Referee ruled that he would not "at this time" admit Dr. Freedman's deposition which had been marked for identification at the May 3, 1989 hearing.

7. At the hearing held on May 3, 1989, following the offer of Claimant's medical deposition, [Employer's] counsel formally requested that Claimant submit to a medical examination by a pulmonary specialist. Claimant's counsel objected

1. The basis for the objection was that Claimant had not submitted to Employer's request to undergo a medical examination by a pulmonary specialist. We disagree with Claimant that this objection was not timely made, and that the fact that the objection was made, as found by the referee, is not supported by substantial evidence.

to this request, taking the position that the order for a physical examination is in the exclusive province of the [Board] and that a referee has no authority in this regard.

8. Also in his letter of November 21, 1989 the Referee ruled: "[Employer] has a right to have Claimant examined by a physician selected by [Employer] pursuant to the terms of Section 314 of the [Act]. I will not relist this case until the requested medical examination has taken place." *See H.K. Porter v. W.C.A.B. (O'Connor)*, 100 Pa.Cmwlth. 393, 514 A.2d 996, 999 (1986).

9. [Employer's] independent medical examination of Claimant was scheduled to take place on January 12, 1990 by Paul E. Epstein, M.D.

10. Completely ignoring the Referee's prior ruling that [Employer] may have Claimant examined, Claimant's counsel, in a letter to [Employer's] counsel dated December 14, 1989, objected to the scheduling of [Employer's] independent medical examination as "unreasonable, unnecessary, untimely and contrary to the Act."

11. The delay in [Employer's] exercising of its right to have Claimant examined by a physician of its choice was caused by dilatory action on the part of Claimant's counsel.

12. In a letter to counsel, dated February 7, 1990, the Referee closed the evidentiary record and invited proposed findings from counsel.

13. Claimant has failed to present medical evidence in support of his petition.

### Conclusions of Law

1. Claimant's petition must be dismissed because he has failed to prove that he suffered an injury during the course of his employment and related thereto.

Claimant appealed to the Board which affirmed the decision of the referee. This appeal followed.

On appeal, Claimant contends that (1) the referee erred in refusing to consider the deposition of Claimant's witness; (2)

80

the findings of fact are not supported by substantial evidence; and (3) the answer of Employer was untimely.

■ We first consider Claimant's argument that Employer's answer was untimely filed. Claimant argues that he served notice of his claim petition on Employer by certified mail on September 23, 1985. Claimant asserts that this service commenced the fifteen day period within which Employer may file an answer.[2] Employer's answer was not filed until October 10, 1985, a date which Claimant argues is beyond the fifteen day period and thus, renders Employer's answer untimely. Therefore, Claimant contends, all facts alleged in his petition are deemed to be admitted by Employer.

Employer, on the other hand, argues that service *by the Department of Labor and Industry* (Department) commences the fifteen day period in which an answer may be filed. Employer contends that it was served by the Department on September 27, 1985. Thus, Employer argues, its answer was timely. We agree.

Section 414 of the Act, 77 P.S. § 775, requires the Department to serve a copy of the claim petition upon an adverse party. Section 414 provides as follows:

Whenever a claim petition or other petition is presented to the department, the department shall, by general rules or special order, assign it to a referee for hearing.

The department shall serve upon each adverse party a copy of the petition, together with a notice that such petition will be heard by the referee to whom it has been assigned

2. Section 416 of the Act, 77 P.S. § 821, provides:
   Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.
   Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the referee before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

(giving his name and address) as the case may be, and, shall mail the original petition to such referee, together with copies of the notices served upon the adverse parties.

Further, Section 417 of the Act, 77 P.S. § 802, provides for the setting of a time and place for a hearing on the petition. Section 417 provides, in pertinent part:

Within fifteen days after notice that a petition has been directed to be heard by a referee has been served upon the adverse parties thereof, the referee shall fix a time and place for hearing the petition. . . .

Section 406 of the Act, 77 P.S. § 717, specifies the method for the service of notices. Section 406 provides, in pertinent part:

All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner as the department shall direct. . . .

The department, the secretary of the board, and every referee shall keep a careful record of the date of mailing every notice and copy required by this act to be served on the parties in interest.

It is clear from the above quoted Sections that the Department is charged with the duty of serving notice to the adverse party. It is true, as Claimant points out, that there is no express prohibition of service by a claimant. However, the Department would not be able to comply with its legislative mandate to keep "a careful record of the date of mailing every notice" required by the Act unless such mailing were done by the Department itself. Nor could the Department be certain that it complied with the fifteen day requirement for the fixing of a time and place for hearing unless the Department itself served the notice. We therefore hold that notice by the Department, and not service by the claimant, commences the period within which an answer must be filed.[3]

3. Section 131.33(a) of Title 34 of the Pennsylvania Code, 34 Pa.Code § 131.33(a), effective March 30, 1991, provides that "a responding party may file an answer within 15 days following service by the Bureau [of Worker's Compensation of the Department] of a petition". The provision was, of course, not in effect during the relevant time

■ We next consider whether the referee erred in dismissing Claimant's petition. Claimant argues that the referee has no authority to order the Claimant to submit to a medical examination sought by Employer. Claimant argues that the authority to order such an examination rests exclusively with the Board pursuant to Section 314 of the Act, 77 P.S. § 651. Section 314 provides in pertinent part:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, *the board* may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer.... refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered *by the board,* either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise by payable.... (Emphasis added.)

In *H.K. Porter Co., Inc. v. Workmen's Compensation Appeal Board,* 100 Pa.Cmwlth.Ct. 393, 514 A.2d 996 (1986), this Court had occasion to consider the ways by which the Court might be presented with a Section 314 petition. In *H.K. Porter,* the Court stated:

In the first situation, there would be no proceedings currently before a referee or the Board, but the Employer might wish to contest liability or disability and believe that a medical examination of the Claimant is necessary for such

period here. We note it merely to observe that any uncertainty which existed in 1985 has since been cleared up by the new regulation.

purpose. Under these circumstances, we have held that the Board *must* assign the petition to a referee for a hearing and findings of fact, since we would be unable ... to exercise appellate review. Bi-lo [Shop–N–Bag v. Workmen's Compensation Appeal Board, 60 Pa.Commonwealth Ct. 133, 430 A.2d 1212 (1981) ]; School District of Philadelphia v. Workmen's Compensation Appeal Board, 17 Pa.Commonwealth Ct. 525, 333 A.2d 223 (1975).

Where, however, a petition is already pending before a referee, and a request for a Section 314 examination is filed as an integral part of that primary proceeding, the Board's order would be interlocutory. For example, an employer might file a petition to terminate benefits which includes an allegation that claimant has refused to submit to a medical exam. *See* Caggiano v. Workmen's Compensation Appeal Board, 42 Pa.Commonwealth Ct. 524, 400 A.2d 1382 (1979). Another example would be where a petition for benefits is instituted by a claimant and the employer requests an examination for the purpose of contesting the existence and/or extent of disability. *See* Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board, 57 Pa.Commonwealth Ct. 274, 426 A.2d 209 (1981). Under these circumstances, *it would appear that a referee may rule upon the request himself,* and that a denial would then be subject to appeal before the Board and this Court as part of the appeal on the merits. *See* Bostic v. Dreher, 206 Pa.Superior Ct. 257, 213 A.2d 118 (1965).

*Id.* at 398–99, 514 A.2d at 998–99 (emphasis added).

█ Although the above quoted language does not form the holding of the case, we find its reasoning persuasive. In addition we note that the referee is the fact finder in workmen's compensation cases unless the Board takes additional evidence. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Cmwlth.Ct. 176, 305 A.2d 757 (1973). Thus, he or she is in the best position to determine whether an employer's request that a claimant submit to a medical examination is reasonable. Further, it does not escape our notice that other provisions of the Act grant broad investigatory powers to *both* the Board

and the referee. For example, Section 420 of the Act, 77 P.S. § 831, states:

> The board, the department or a referee, if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, make or cause to be made an investigation of the facts set forth in the petition or answer or facts pertinent in any injury under this act. The board, department or referee may appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon, or may employ the services of such other experts as shall appear necessary to ascertain the facts. The report of any physician, surgeon, or expert appointed by the department or by a referee shall be filed with the board or referee, as the case may be, and shall be a part of the record and open to inspection as such.[4]

Quite frankly, if a referee can appoint an independent medical examiner, we can fathom no reason why he or she could not also, in the exercise of his or her discretion, direct an examination by a physician of the employer's choosing after satisfying himself or herself that the request is reasonable and made in good faith.[5]

In short, while it cannot be denied that the express language of Section 314 does not specify that a referee is empowered to grant an employer's request that a claimant submit to a medical examination, we believe that when the Act is read in toto and when the necessity of Board delegation of routine matters to referees is recognized as a normal part of administrative agency protocol, such authority can be found.

---

4. Even broader investigatory powers are granted to both the Board and the referee in Section 437 of the Act, 77 P.S. § 993, added by Section 3 of the Act of February 8, 1972, P.L. 25, which grants the secretary, the referees, and any member of the board the power to issue subpoenas.

5. Claimant maintains that because Employer never filed a written petition requesting an examination it cannot now demand Claimant submit to one. Technically, such a written request should have been made under Section 314. Since, however, the referee ruled upon the oral request and the record discloses that Claimant was advised of the basis for the request, we hold that the failure to file a formal petition was, in this case, harmless error. We caution all counsel, however, that such oral requests should be avoided.

Accordingly we hold that a referee may order that a claimant submit to a medical examination.

■ We next consider the nature of the remedy applied by the referee. Because of Claimant's refusal to submit to the medical examination arranged by Employer, the referee refused to admit the medical deposition offered by Claimant. Section 314 does not authorize such a remedy. Under Section 314, a claimant who refuses or neglects, without reasonable cause or excuse, to submit to a medical examination is ineligible for compensation during the period of his refusal or neglect. Further, the period of such neglect or refusal is deducted from the period during which compensation would otherwise be payable.

Accordingly, we hold that the referee erred in refusing to consider the medical deposition offered by Claimant. We will remand the case to the referee with instructions that the deposition be considered. If the referee finds that the deposition is *legally* sufficient to establish that Claimant is disabled, Claimant would not be eligible for compensation until he then submits to a medical examination arranged by Employer.[6] After Claimant has submitted to the examination as ordered by the referee and as arranged by Employer's counsel, then the referee may proceed to dispose of the claim on its merits considering at that time all of the evidence.

## ORDER

NOW, October 1, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

6. Because of our disposition of the appeal, we need not consider Claimant's final argument, that the finding of fact that Claimant produced no medical evidence is not supported by substantial evidence.