646 A.2d 75

**Michael GOLOVICH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (KOENIG, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 1994.

Decided July 21, 1994.

Petition for Allowance of Appeal Denied December 13, 1994.

Michael Golovich, pro se.

Dale A. Cable, for respondent.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Michael Golovich appeals, pro se, an order of the Workmen's Compensation Appeal Board which reinstated the referee's order instructing Claimant to submit to a physical examination.

Claimant sustained a work-related injury on February 12, 1987, for which he collected benefits. On April 9, 1990, Koenig, Inc. (Employer) filed a petition for suspension, alleging that Claimant failed to appear at a physical examination on April 2, 1990. Claimant responded that (1) he was not aware of the examination and (2) that only the Board had the power to grant a suspension for failure to attend the physical examination pursuant to Section 314 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651.[1]

---

1. Section 314 provides in pertinent part:

   At any time after an injury the employee, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who *shall be selected and paid* by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at a time

On June 5, 1990, a referee issued an interlocutory order which granted Employer's request for supersedeas suspending Claimant's benefits as of June 4, 1990. Claimant appealed to the Board, but before the Board could act on the appeal, the referee reversed his interlocutory order and on October 17, 1990, entered an order agreeing with Claimant's position, that is, a referee does not have the power to suspend benefits based upon a claimant's failure to appear at an independent medical examination, and dismissed Employer's suspension petition. Accordingly, the Board dismissed Claimant's appeal as moot.

Employer then appealed the referee's order of October 17, 1990 to the Board which, on August 1, 1991, reversed and granted Employer's suspension petition, stating that while the referee may not have had the authority to suspend Claimant's benefits, the referee did issue adequate findings of fact which indicated that Claimant did not appear at the physical examination. Thus, a suspension of benefits was in order.

On August 8, 1991, Claimant filed a petition for reconsideration/rehearing arguing that the Board erred in granting the suspension because there had never been a Board ordered examination as required by Section 314. Claimant also argued that, because there was no Board ordered examination, the Board's act of suspending benefits on the basis of the referee's findings of fact was contrary to the "literal interpretation" of Section 314, in that only the Board had the authority to make such a decision.

To further confuse the matter, on November 9, 1990, Employer filed a petition for physical examination with the referee alleging that Claimant had refused several requests to submit to the examination. On August 14, 1991, the referee

and place set by it, and by the physician or physicians selected and paid by the employer.... The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable....

granted Employer's petition and ordered Claimant to submit to the examination within thirty days. On September 11, 1991, Claimant appealed to the Board contending that the referee was without authority to require such an examination.

By order dated April 30, 1992 (*Golovich I*),[2] the Board granted Claimant's petition for reconsideration/rehearing from the Board's August 1, 1991 decision and upon reconsideration, denied Employer's request for a suspension. Nevertheless, the Board also ordered Claimant to undergo a physical examination.[3]

Employer petitioned for rehearing contending that Claimant had submitted to the examination on June 15, 1992, and that Claimant's compensation should be suspended based on the referee's August 14, 1991 order, because Claimant failed to submit to an examination in a timely manner.

On May 27, 1993, the Board granted Employer's petition and reinstated the referee's August 14, 1991 order in its entirety. Relying on *Ross v. Workmen's Compensation Appeal Board (Allied Signal Corporation)*, 151 Pa.Commonwealth Ct. 75, 616 A.2d 155 (1992), the Board stated that a

2. In another decision dated the same day, April 30, 1992, but entered at a different docket number (*Golovich II*), the Board dismissed Claimant's appeal from the referee's August 14, 1991, decision ordering Claimant to submit to a physical examination as being untimely and moot. Claimant appealed to our Court; however, that appeal was eventually stricken as inoperative.

3. The Board stated:

   Our previous Decision at Docket No. A90–2485 was erroneously based on a Suspension Petition filed by [Employer] with the Referee prior to us referring the case to the Referee under Section 314 of the Act. Therefore, to the extent that the Referee was not delegated authority under Section 314 of the Act, to act on [Employer's] request for suspension for benefits, we believe our Decision was in error.

   In order to rectify this matter once and for all, we will retain jurisdiction over this matter and grant Claimant's request for Reconsideration/Rehearing. We will also Order that Claimant submit to a physical examination pursuant to Section 314 of the Act. If the record submitted before us is to be believed, Claimant has had numerous opportunities to submit to an examination at the request of [Employer] and has failed to do so. If Claimant fails to attend such a physical examination pursuant to our Order in this Decision, we shall issue an Order depriving Claimant of the right to compensation during the continuation of such refusal.

referee is empowered to order a claimant to submit to a physical examination of Employer's choosing after determining that the request is reasonable and made in good faith. Therefore, the Board concluded that Claimant's benefits should be suspended in accordance with the referee's August 14, 1991 order. This appeal followed.

On appeal, Claimant first argues that the Board violated his due process rights because it intentionally and in bad faith prevented his case from reaching this Court. As an example of this, Claimant points to the Board's May 27, 1993 order granting Employer's petition for rehearing and our subsequent order which rendered Claimant's petition for review inoperative.

A review of the relevant facts reveals that at the time of the Board's May 27, 1993 order, Claimant's petition for review concerning *Golovich II* was pending before this Court. While Claimant's appeal was still pending in *Golovich II,* Employer filed a petition for rehearing with the Board from the *Golovich I* order, alleging, *inter alia,* that based on *Ross,* a referee was empowered to order a claimant to undergo a physical examination. After the Board granted Employer's petition, this Court properly implemented Pa. R.A.P. 1701(b)(3) which provides that "[a] timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order."

Indeed, Claimant has produced no evidence showing that the Board intentionally and in bad faith kept this matter away from this Court. The grant or denial of a petition for rehearing is left to the discretion of the Board and will not be disturbed absent a clear abuse of discretion. When considering whether to grant a rehearing, the Board has broad power to grant a rehearing when justice requires. *Ogden Aviation v. Workers Compensation Appeal Board (Price),* 134 Pa.Commonwealth Ct. 389, 579 A.2d 444 (1990); Section 426 of the Act, 77 P.S. § 871. Here, the Board granted a rehearing based on the fact that Claimant finally submitted to the

examination on June 15, 1992, and on our recent decision in *Ross* which stated that the referee is empowered to order a claimant to submit to an examination. Thus, we reject Claimant's first argument.

■ Next, Claimant argues that the Board erred as a matter of law when it reinstated the referee's order of August 14, 1991. In *Ross*, we stated that

> while it cannot be denied that the express language of Section 314 does not specify that a referee is empowered to grant an employer's request that a claimant submit to a medical examination, we believe that when the Act is read in toto and when the necessity of Board delegation of routine matters to referees is recognized as a normal part of administrative agency protocol, such authority can be found. *Accordingly we hold that a referee may order that a claimant submit to a medical examination.*

*Ross*, 151 Pa.Commonwealth Ct. at 84–5, 616 A.2d at 160 (emphasis added). Based on the clear holding of *Ross*, we reject Claimant's second argument.[4]

Affirmed.

## ORDER

NOW, July 21, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**4.** While we affirm on the basis of our holding in *Ross*, we note that after the Board relinquished jurisdiction in this matter by its final order dated May 27, 1993, Lieutenant Governor Singel, serving as acting governor, signed into law the Act of July 2, 1993, P.L. 190. This law, commonly referred to as the "1993 amendments" or "Act 44," amended Section 314 of the Act and substituted references to "the referee" in lieu of those to "the board."