Norman HUNTER, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (JACK GREENBERG CO.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Feb. 5, 1998.

---

Picard Losier, Philadelphia, for petitioner.

Mary T. Uhlig, Philadelphia, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Norman Hunter (claimant) petitions for review of an order of the Workers' Compensation Appeal Board which affirmed the Workers' Compensation Judge's (WCJ) denial of claimant's claim petition. The WCJ dismissed the claim petition due to claimant's failure to provide timely notice of his alleged work injury as required by section .311 of the Workers' Compensation Act (Act).[1] We vacate and remand.

Claimant filed a claim petition alleging that he sustained an injury to his lower back on March 13, 1991 while in the scope and course of his employment as a truck driver. The original record certified to this court indicates that the Department of Labor and Industry's Bureau of Workers' Compensation (Bureau) received the claim petition on June 14, 1991.[2] The Bureau sent both parties a notice of the assignment of petition to a workers' compensation referee[3] on July 9, 1991. The notice of assignment specifically states that a copy of the claim petition had been mailed to Jack Greenberg Co. (employer). Employer filed an answer to the claim petition on July 15, 1991, denying the pertinent allegations of the petition and further asserting as a defense claimant's failure to give timely notice in accordance with the Act.

Claimant testified before the WCJ that he promptly notified his immediate supervisor of the alleged injury on March 13, 1991. In response, employer provided the testimony

---

1. Act of June 2, 1915, P.L.736, *as amended*, 77 P.S. § 631. Section 311 of the Act provides in pertinent part:

 Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

2. Employer included in its supplemental reproduced record a copy of the claim petition which is stamped as being received by the legal division of the Bureau of Workers' Compensation on July 11, 1991. Employer argues that it is impossible for the Bureau to have sent the notice of assignment out on July 9, 1991, when the legal division of the Bureau did not receive the claim petition until July 11, 1991. We note, however, that the original papers constitute the record on appeal. *See* Pa.R.A.P. Rule 1921. Therefore, the claim petition dated June 14, 1991 applies to this matter.

3. Prior to August 31, 1993, workers' compensation judges were called referees.

of its Director of Personnel Communications (director) and claimant's supervisor. According to claimant's supervisor, claimant never informed him that claimant had sustained a work injury on March 13, 1991. In addition, claimant's supervisor stated that he had been attending jury duty during the week in which claimant allegedly notified him of a work injury. The director corroborated claimant's supervisor's attendance at jury duty and stated that claimant had not informed her of the alleged work injury.

The WCJ found the testimony of employer's witnesses to be credible and convincing. He rejected claimant's testimony in whole based on inconsistencies. Accordingly, the WCJ concluded as a matter of law that claimant had failed to sustain his burden of proof on the claim petition because he did not notify his employer of the alleged March 13, 1991 work injury in a timely manner.

The board affirmed the WCJ's order denying claimant workers' compensation benefits.[4] Specifically, the board concluded that *no* substantial, competent evidence of record supports claimant's contention that he provided his employer with timely notice of the alleged work injury. This appeal followed.[5]

Claimant contends that the board erred as a matter of law when it affirmed the WCJ's denial of the claim petition for lack of notice. Claimant does not contest the WCJ's finding that claimant failed to personally notify employer of the work-related injury. Rather, claimant asserts that the Bureau's assignment documents provided employer with sufficient notice of the alleged work injury within the time requirements of section 311 of the Act, 77 P.S. § 631. We agree.

Section 311 of the Act requires a claimant to notify an employer within 120 days of the occurrence of any injury arising in the course of employment in order to be eligible for benefits under the Act. 77 P.S. § 631. The content and form of proper notice is set forth in section 312 of the Act, 77 P.S. § 632. Specifically, section 312 provides that:

The notice referred to in section three hundred and eleven shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specified time, at or near a place specified.

Additionally, it is claimant's burden to prove that he gave timely notice of his work injury to his employer. *Galayda v. Workmen's Compensation Appeal Board (Corning, Inc.)*, 671 A.2d 1190 (Pa.Cmwlth. 1996). Whether a claimant gave notice in compliance with the statutory 120–day notice requirement is a question of fact for the WCJ. *Id.; Kelly v. Workmen's Compensation Appeal Board (Pepsi Cola Bottling Co. of Philadelphia)*, 166 Pa.Cmwlth. 618, 647 A.2d 275, *petition for allowance of appeal denied*, 539 Pa. 693, 653 A.2d 1231 (1994). The 120–day notice period begins to run when claimant knew or reasonably should have known the nature of the injury and its relationship to the employment. *Leber v. Workmen's Compensation Appeal Board (Yellow Freight System)*, 156 Pa.Cmwlth. 491, 628 A.2d 481 (1993).

Here, the claim petition establishes that claimant knew the work-related nature of his injury on March 13, 1991. Consequently, claimant had until July 10, 1991 to provide employer with proper notice of his work injury in order to be in accordance with section 311 and section 312 of the Act. Our review of the certified original record reveals sufficient evidence in support of claimant's assertion that he provided his employer with timely notice of the alleged work injury.

Pursuant to section 414 of the Act, 77 P.S. § 775,[6] the Bureau assigned the claim petition to a WCJ by notice dated July 9, 1991.

---

4. We note that the board mistakenly stated in its decision that claimant filed his claim petition on September 14, 1991, rather than June 14, 1991. It appears that the Board relied on the erroneous filing date included on the Bureau's cover sheet of the WCJ's decision.

5. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workers' Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

6. Section 414 of the Act provides in pertinent part:

Whenever a claim petition or other petition is presented to the department, the department

The notice of assignment, which was mailed to employer, included a copy of the claim petition. The claim petition specifically alleges that claimant injured his lower back while lifting a sixty-one pound case of cheese on employer's premises.

Based on the above-referenced documentation, we conclude that employer received timely notice of claimant's alleged work injury. Section 406 of the Act, 77 P.S. § 717, declares that notice is deemed to be served on the date in which it is mailed.[7] Therefore, employer received conclusive notice of the work-related injury on July 9, 1991; one day before the 120-day time period elapsed.[8] In addition, the claim petition attached to the notice satisfactorily informed employer of claimant's work injury, thereby satisfying the content and form requirements of section 312 of the Act.

Accordingly, the order of the board is vacated and this case is remanded for adjudication on the merits.

### ORDER

NOW, this 5th day of February, 1998, the order of the Workers' Compensation Appeal Board, dated May 30, 1997, at No. A95–2635, is vacated and this case is remanded to the board for an adjudication on the merits.

*Jurisdiction relinquished.*

---

shall, by general rules or special order assign it to a [WCJ] for hearing.

The department shall serve upon each adverse party a copy of the petition, together with *a notice that such petition will be heard by the* [WCJ] *to whom it has been assigned*... and shall mail the original petition to such [WCJ], together with copies of the notices served upon the adverse parties.

7. Section 406 of the Act provides in pertinent part:

All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner *as the department* shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to

be served; but any party may show by competent evidence that any notice or copy was not received....

This court has previously applied this section of the Act to notice of assignment documents. *See Arbogast & Bastian, Inc. v. Workmen's Compensation Appeal Board (Bauer),* 79 Pa.Cmwlth. 364, 468 A.2d 1220 (1984) and *Ross v. Workmen's Compensation Appeal Board (Allied Signal),* 151 Pa.Cmwlth. 75, 616 A.2d 155 (1992).

8. We note that, by failing to personally notify employer of his alleged work injury, claimant relied completely on the Bureau to provide employer with requisite notice of his alleged work injury. This is a risky approach since this court has repeatedly stated that the notice requirement of section 311 is mandatory and bars a claim when claimant does not provide appropriate notice to his employer within 120 days of the occurrence of the injury. *Leber,* 628 A.2d at 484.