**Francis SWARTZ, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CHELTENHAM YORK ROAD NURSING & REHABILITATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 2004.

Decided Feb. 24, 2005.

Mark R. Schmidt, Media, for petitioner.

David T. Latoff, Blue Bell, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Francis Swartz (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board), which affirmed a WCJ's order granting Cheltenham York Road Nursing & Rehabilitation's (Employer) Petition for Expert Interview of Claimant. Claimant argues on appeal that, before a WCJ can issue an order granting an Employer's Petition for Expert Interview, he is required to hold an evidentiary hearing, approve or disapprove the vocational counselor and, then, issue a "reasoned decision" with findings of fact and conclusions of law.

Claimant suffered a work-related injury on July 16, 2002 and thereafter received workers' compensation benefits pursuant to a Notice of Compensation Payable. Employer filed two petitions on April 22, 2004: a Petition for Expert Interview and a Petition for Modification. In the Section 314 Petition for Expert Interview, filed pursuant to Section 306(b) of the Workers' Compensation Act (Act),[1] Employer alleged that Claimant failed to submit to an interview by John W. Dieckman, a vocational counselor, when Employer requested he do so on March 3, 2004.[2] In his brief, Claimant describes a "hearing" he attended on June 10, 2004 on both the Petition for Expert Interview and Petition for Modification; however, neither party presented evidence nor did the WCJ create a record. Instead, the WCJ apparently granted a continuance as to the Petition for Modification[3] and, on June 14, 2004, entered an order granting the Petition for Expert Interview (Order). This decision contained no findings of fact or conclusions of law; however, it did note that the Order was entered "over Claimant's objection."[4]

Claimant appealed the Order to the Board, arguing that the WCJ had erred in

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512. Section 306(b), in part, reads: In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by a vocational expert who is selected by the insurer and who meets the minimum qualifications established by the department through regulation. The vocational expert shall comply with the Code of Professional Ethics for Rehabilitation Counselors pertaining to the conduct of expert witnesses. 77 P.S. § 512.

2. The reproduced record indicates that Employer also requested Claimant to submit to an expert interview by John W. Dieckman on August 16, 2004 and, thereafter, filed a Petition for Physical Examination or Expert Interview of Employee on August 19, 2004. (R.R. at 48a.) However, the August 19, 2004 Petition is not in the original record, and Employer has not raised it before us on appeal.

3. As of the submission date of this appeal, the parties were scheduled to appear at a November 9, 2004 hearing on the continued Petition for Modification of Claimant's Benefits. (Claimant's Br. at 5–6.)

4. After the June 10, 2004 hearing, Claimant sent a correspondence to the WCJ seeking to preserve his objections to Employer's Petition to Compel Vocational Interview. This letter stated two bases for Claimant's objection: first, it objected to Employer seeking a vocational evaluation after filing a Petition for Modification; second, it argued that our Supreme Court's decision in *Caso v. Workers' Compensation Appeal Bd. (School Dist. of Philadelphia)*, 576 Pa. 287, 839 A.2d 219 (2003), and this Court's decision in *Henry v. Workers' Compensation Appeal Bd.*, 816 A.2d 348 (Pa.Cmwlth.2003), require a WCJ to approve or disapprove the qualifications of a vocational counselor *prior* to the interview. In light of *Caso* and *Henry*, Claimant argued:

entering the Order without taking any evidence or making factual findings. The Board disagreed, opining that, under *Caso v. Workers' Compensation Appeal Bd. (School Dist. of Philadelphia)*, 576 Pa. 287, 839 A.2d 219 (2003), pre-approval of the vocational expert is not needed before a claimant attends the vocational interview, so "no evidence of the vocational expert's qualifications was needed at this stage." (Bd. Op. at 6.) The Board further explained that, because Employer alleged in its petition that Claimant had failed to attend the interview, the WCJ could issue an order based only on the Employer's Petition for Expert Interview. Finally, it stated "Claimant has the right to challenge the competency of the expert if and when a suspension or modification petition is filed." (Bd. Op. at 6.) Claimant appeals that Order to this Court.

Claimant presents several arguments regarding the required timing and content of a WCJ's "approval" of a vocational counselor. However, we conclude that this appeal is interlocutory and, therefore, must quash it on that basis.

■ Section 763(a) of the Judicial Code confines this Court's appellate jurisdiction to "final orders" of Commonwealth agencies. 42 Pa.C.S. § 763(a). The Pennsylvania Rule of Appellate Procedure 341(b) defines a "final order" as any order that:

(1) disposes of all claims and of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subsection (c) of this rule

[permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal would facilitate resolution of the entire case].

Pa. R.A.P. 341(b). As such, where an order does not dispose of all claims or all parties, it is interlocutory and not appealable to this Court. For example, an order of a WCJ is interlocutory, thus not appealable to this Court, where it relates only to "matters preliminary to a hearing in the discovery sense and [where c]laimant's fatal claim petition is still pending before the WCJ." *LeDonne v. Workmen's Compensation Appeal Bd. (Graciano Corp.)*, 686 A.2d 891, 892–93 (Pa.Cmwlth.1996)(quashing as interlocutory an appeal taken from an order of a WCJ requiring compliance with a subpoena to produce documents), *petition for allowance of appeal denied*, 548 Pa. 639, 694 A.2d 624 (1997). Furthermore, this Court has long considered an order, which directs a claimant to submit to a medical examination, to be interlocutory when filed ancillary to a petition already pending before a WCJ. *H.K. Porter Co., Inc. v. Workmen's Compensation Appeal Bd.*, 100 Pa.Cmwlth. 393, 514 A.2d 996, 998–99 (1986); *Leaseway Systems, Inc., v. Workmen's Compensation Appeal Bd. (Becerra)*, 101 Pa.Cmwlth.118, 515 A.2d 995 (1986).

In *H.K. Porter*, this Court ruled on the appealability of an order denying an employer's petition for a physical examination of claimant filed pursuant to Section 314 of the Act.[5] The employer filed this petition with the Board as part of an ongoing pro-

---

[I]t is essential for the Judge to issue Findings of Fact and Conclusions of Law to determine whether or not the counselor is or should be "approved" which is still required by The Pennsylvania Workers' Compensation Act (as amended by Act 53), the Bureau of Regulations and the Supreme

Court's decision in *Caso*. The only way a Judge can determine whether approval is proper, is by obtaining evidence as to the counselor's qualifications.

(June 14, 2004 Employer Letter to WCJ.)

5.  77 P.S. § 651.

ceeding on employer's primary petition seeking to resolve whether claimant's injury was a new injury or an aggravation of a prior injury. When the Board denied the petition for physical examination, the employer appealed to this Court, arguing that the Board should have assigned the Section 314 petition to a referee[6] for an evidentiary hearing. *H.K. Porter*, 514 A.2d at 998. On appeal, this Court held that the Board's order denying employer's Section 314 petition was interlocutory because the order was filed as part of a pending proceeding on employer's primary petition; thus, the employer continued to have the opportunity to appeal the Board's order. *Id.* at 999. In addition, the Court concluded that this holding was practical, because to hold otherwise would "have the effect of interrupting the proceedings before the referee pending the outcome of the Board's decision." *Id.* Therefore, the Court ruled that a decision on an order to compel medical examination was interlocutory because it could be appealed together with the merits of the primary petition. *Id.*

■ Although *H.K. Porter* involved a petition for a medical examination, rather than a petition for a vocational interview, we find the reasoning in that case analogous to the situation presently before us. Here, regardless of the vocational counselor's future findings, Claimant retains the ability—as the WCJ informed him[7]—to challenge the counselor's qualifications and/or findings at the continued hearing on the Petition for Modification of Claimant's Benefits. With this continued ability to challenge the qualifications and/or findings of the vocational counselor, the WCJ's Order to compel the interview does not dispose of any claims or parties and does *not* present a "real and present risk to [his] benefits." (Claimant's Br. at 9.) Thus, it is not a final order appealable to this Court. Claimant's rights attendant to workers' compensation are not actually "affected" until the WCJ rules on the Employer's Petition for Modification of Claimant's Benefits.[8] Therefore, the WCJ's June 14,

6. Pursuant to Sections 109 and 401 of the Act, 77 P.S. §§ 29 and 701, "referees" are now "WCJs;" so previous references to a workmen's compensation referee were thereafter deemed a reference to a workers' compensation judge (WCJ). Therefore, in this opinion, references to a referee, as was used in *H.K. Porter*, are synonymous with a WCJ.

7. The Board stated in its opinion issued on September 20, 2004:
"[t]he [WCJ] also indicated that the Order [to Compel Vocational Interview] 'is entered without prejudice to Claimant to challenge the Interviewer's credentials in the future, should the interview lead to the filing of a Suspension or Modification Petition by the [Employer].' "
(Bd. Op. at 2).

8. Claimant asserts that our Supreme Court's holding in *Caso*, while deciding that a WCJ can "approve" a vocational counselor, did not specify when or how that "approval" should take place. Claimant argues, based on a combined reading of *Caso* and *Henry*, that

WCJ "approval" must take place prior to a WCJ compelling an interview. Employer, counters, also citing *Caso*, 576 Pa. at 293, 839 A.2d at 222, that approval of the vocational counselor prior to issuing an order to compel attendance is not necessary because of the availability of redress found in Section 435 of the Act, 77 P.S. § 991, added by Section 3 of the Act of February 8, 1972, P.L. 25, against insurance companies who act in bad faith.

Contrary to Claimant's contention, approval of the vocational expert *prior* to attendance is not required by the Act or the case law interpreting it. Section 306(b) states, in relevant part: "In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by a vocational expert who is selected by the insurer and who meets the minimum qualifications established by the department through regulation." 77 P.S. § 512. Although this Section requires "approval" by a WCJ; it does not require *prior* approval, certification, or sanctioning by the WCJ. *Caso*, 576 Pa. at

2004 Order is interlocutory and not appealable to this Court.

Having concluded that the Order appealed is interlocutory, we quash the appeal.

### *ORDER*

**NOW,** February 24, 2005, the appeal in the above-captioned matter is hereby quashed.

291, 839 A.2d at 221. The safeguard against insurance companies requesting unqualified vocational counselors and of an inundation of challenges to the qualifications of interviewers is the availability of redress found in Section 435(d) of the Act, 77 P.S. 991(d), not a pre-attendance approval requirement by a WCJ. Under Section 435(d), "[t]he department, the board, or any court which may hear any proceedings brought under [the Act] shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure." 77 P.S. 991(d).